```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MANIDHAR KUKKADAPU, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

-against-

EMBRAER S.A., FREDERICO PINHEIRO
FLEURY CURADO, JOSÉ ANTONIO DE
ALMEIDA FILIPPO, and PAULO PENIDO PINTO
MARQUES,

                Defendants.
------------------------------------------------------------------X

**DECISION AND ORDER**

16 Civ. 6277 (RMB)

## I. Background

On August 8, 2016, Plaintiff Manidhar Kukkadapu filed a securities class action "on behalf of purchasers of [Defendant Embraer S.A.'s ("Embraer")] American Depositary Receipts ("ADRs") between April 16, 2012 and July 28, 2016, inclusive." (Compl., dated Aug. 8, 2016, ¶ 1.) According to the Complaint, "Embraer designs, develops, manufactures, and sells aircraft and systems in Brazil, North America, Latin America, the Asia-Pacific region, Europe, and internationally." (Id. ¶ 2.) "Embraer is headquartered in São Paulo, Brazil," and its "ADRs trade on the New York Stock Exchange." (Id. ¶ 3.) Frederico Pinheiro Fleury Curado, José Antonio de Almeida Filippo, and Paulo Penido Pinto Marques, are current and former officers of Embraer and individual Defendants in this action (with Embraer, "Defendants"). (Id. ¶¶ 22-24.) The Complaint alleges, "Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about [Embraer's] business, operations, and prospects" by failing to disclose that Embraer "had paid bribes to officials in the Dominican Republic to secure contracts for the sale of aircraft," and that Defendant Curado, then the CEO of Embraer, "was aware of the bribery scheme." (Id. ¶ 4.)

1

Before the Court are two motions to appoint lead plaintiff and lead counsel. The first is the motion of Employees' Retirement System of the City of Providence ("Providence") and Longview Firemen's Relief & Retirement Fund ("Longview"), who move together to be designated lead plaintiffs and for appointment of their counsel, Pomerantz LLP, as lead counsel [#22]. (Providence and Fairview Mot., filed Oct. 7, 2016.) The second is the motion of Vernon Priest to be designated lead plaintiff and for appointment of his counsel, The Rosen Law Firm, P.A., as lead counsel [#25]. (Priest Mot., filed Oct. 7, 2016.)

On the same day that Kukkudapu filed his Complaint, Pomerantz LLP caused a notice of the Complaint to be published on *Globe Newswire*. (Lieberman Decl., filed Oct. 7, 2016, Ex. A.) On October 7, 2016, Providence and Fairview filed their motion for lead plaintiff status and for appointment of Pomerantz LLP as lead counsel. They argue that they "should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23." (Mem. of Points and Auth. in Supp. of Providence and Fairview Mot., filed Oct. 7, 2016, at 4.) In particular, "Providence and Longview (1) purchased 54,603 Embraer ADRs; (2) expended $1,684,169 on their purchases of Embraer ADRs; (3) retained 21,355 of their Embraer ADRs; and (4) as a result of the disclosures of the fraud, [collectively] suffered a loss of **$209,368**." (Id. at 6.) Providence's individual loss was **$159,348**, and Fairview's was **$50,020**. (Lieberman Decl., Ex. C.)

Also on October 7, 2016, Priest filed his motion for lead plaintiff status and for appointment of The Rosen Law Firm, P.A. as lead counsel. Priest argues that he "satisfies the largest financial interest requirement [and should] be appointed as Lead Plaintiff for the class." (Mem. of Law in Supp. of Priest Mot., filed Oct. 7, 2016, at 5.) Priest alleges that he "acquired 500 [Embraer ADRs] and lost **$1,475.64** in connection with his acquisitions of Embraer securities." (Id.)

2

On October 11, 2016, Embraer filed a Response to [the] Motions for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel. ("Embraer's Response," filed Oct. 11, 2016.) According to Embraer's Response, "Embraer takes no position on the appointment of lead plaintiff or approval of lead counsel." (Id. at 1.)

**For the reasons stated below, Providence and Fairview's Motion for appointment as lead plaintiff and for approval of Pomerantz LLP as lead counsel [#22] is granted in part and denied in part. Providence is appointed lead plaintiff, and Pomerantz LLP is appointed lead counsel.**

## II.     Legal Standard

"The [Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737,] instructs the Court to 'appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.' The statute sets forth a rebuttable presumption 'that the most adequate plaintiff . . . is the person or group of persons' that (i) 'has either filed the complaint or made a motion in response to' public notice of the filing of the class action, (ii) 'has the largest financial interest in the relief sought by the class,' and (iii) 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Villella v. Chem. & Mining Co. of Chile Inc., 2015 WL 6029950, at *5 (S.D.N.Y. Oct. 14, 2015) (quoting PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)(I)). Of these, the "most critical question is which party seeking lead-plaintiff status has the largest financial interest in the relief sought by the putative class." Id. at *6.

To satisfy Rule 23's requirements "at this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." Id.

3

(brackets omitted). In securities class actions, a candidate for lead plaintiff preliminarily shows typicality where their claims "arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." Id. at *7.

"There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." Id. at *8. Courts generally approve lead plaintiff's selection if counsel "is experienced in securities class action litigation and qualified to conduct th[e] lawsuit." Id.

### III. Analysis

The Court selects Providence as lead plaintiff because it has by far the largest financial loss. Villella, 2015 WL 6029950, at *6 (appointing institutional investor as lead plaintiff because it had "claim[ed] . . . in financial losses[] by far the largest amount of all movants"). And the Court selects Pomerantz LLP as lead counsel because of its experience in similar actions. Id. at *8 (appointing lead plaintiff's chosen counsel because counsel "[wa]s experienced in securities class action litigation and qualified to conduct th[e] lawsuit").

Providence and Fairview have offered no rationale that there be two lead plaintiffs. And, they have provided no evidence that they "will be able to function cohesively and to effectively manage the litigation apart from their lawyers." See Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). "[They] do[] not describe how or why the group was formed, how [they] will work together to manage the litigation, whether a pre-litigation relationship existed between [them], or any other information about how such aggregation would benefit the class. [They] do[] not inform the Court whether [they] have ever communicated with each other or plan to do so in the future . . . ." Id. at 394.

4

The Court considers the larger shareholder (i.e. loss) of the two institutions, individually, as if it had moved to be appointed as lead plaintiff alone. Id. Providence alleges a much greater financial loss of $159,348 in contrast to Fairview's loss of $50,020 (Lieberman Decl., Ex. C) and Priest's loss of $1,475.64 (Mem. of Law in Support of Motion of Vernon Priest to Appoint Lead Pl. and Approve Lead Pl.'s Selection of Counsel ("Priest Mem."), filed Oct. 7, 2016, Ex. 3). See Villella, 2015 WL 6029950, at *5-6 (When "determin[ing] a lead plaintiff's financial interest," "courts have consistently held that . . . magnitude of the loss suffered[] is most significant.").

Providence also has made a preliminary showing that the adequacy and typicality requirements have been met. Id. That is, its claims appear to be typical of other class members' claims because "[t]hey arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." See id. at *7. "Furthermore, no party or movant has contested [Providence's] typicality." Id. (brackets and internal quotation marks omitted).

"Providence has also made a sufficient [preliminary] showing of adequacy . . . ." Id. Providence "has retained [Pomerantz LLP], competent and experienced counsel with extensive experience in these types of securities class actions," as shown below. Id. "Furthermore, no party or movant argues that [Providence] has any interests antagonistic to other class members, nor has the Court identified any. Indeed, [Providence's] high volume of trading throughout the Class Period and its large financial losses . . . will likely motivate it to pursue this litigation vigorously on behalf of all class members." Id.

In sum, as a result of its timely filing, its having the largest financial stake, the typicality of its claims, and the adequacy of its representation, Providence is "entitled to a presumption that it

is the most adequate plaintiff." Id. (internal quotation marks omitted). That presumption stands unrebutted.

### Lead Counsel

"There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." Id. Pomerantz LLP's work on numerous securities fraud class actions in this and other districts shows that it is experienced in securities class action litigation and qualified to conduct the lawsuit. See Lieberman Decl., Ex. D at 1-4 (listing cases in which Pomerantz LLP has been appointed lead counsel); see also Goldberger v. PXRE Grp., Ltd., 2007 WL 980417, at *5 (S.D.N.Y. Mar. 30, 2007) ("Pomerantz [LLP] is experienced in class action and shareholder derivative lawsuits. The Court finds that Pomerantz [LLP] is capable of adequately representing the putative class in this action . . . ."); In re Elan Corp. Sec. Litig., 2002 WL 31720410, at *5 (S.D.N.Y. Dec. 3, 2002) ("[Pomerantz LLP is] accomplished in the field of securities litigation and eminently qualified for this assignment [as lead counsel].").

## IV. Conclusion

For the reasons stated above, Providence and Fairview's Motion for appointment as lead plaintiff and for approval of Pomerantz LLP as lead counsel [#22] is granted in part and denied in part. Priest's Motion for appointment as lead plaintiff and for approval of The Rosen Law Firm, P.A. as lead counsel [#25] is denied.

Providence (alone) is appointed lead plaintiff, and Pomerantz LLP is appointed lead counsel.

Dated: New York, New York
October 20, 2016

*RMB*

RICHARD M. BERMAN, U.S.D.J.