# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 18, 2017

**VIA ELECTRONIC FILING**
Honorable Richard M. Berman
United States District Court for the
 Southern District of New York
500 Pearl Street, Courtroom 17B
New York, New York 10007

Re: *Manidhar Kukkadapu v. Embraer S.A., et al*, 16 Civ. 6277 (RMB)

Dear Judge Berman:

We represent Embraer S.A. in the above action.[1] Pursuant to Your Honor's direction at the November 2, 2016 conference, we write to request a pre-motion conference for Embraer's motion to dismiss the Amended Complaint (ECF No. 35). This securities class action was commenced only days after Embraer, a Brazilian aircraft manufacturer, announced that it was near a $200 million settlement with the Department of Justice ("DOJ") and Securities Exchange Commission ("SEC") involving violations of the Foreign Corrupt Practices Act ("FCPA"). Under Plaintiff's own allegations, the conduct at issue took place long before the start of the putative class period in January 2012.

Plaintiff's contrived effort to convert the settlement into an ongoing securities fraud committed during the class period fails as a matter of law. Before and during the class period, Embraer made the required disclosures and took the appropriate actions under the federal securities laws. Among other things, Embraer disclosed that it was under investigation and added that it was conducting its own internal investigation, might settle with the DOJ and SEC and could be subject to substantial sanctions. (*See, e.g.*, Embraer's Form 20-F, dated April 13, 2012, at 94, F-55.) Plaintiff's theory is that these disclosures were not enough—that Embraer

---

[1] We do not represent the individual defendants, whom we understand have not yet been served.

should also have confessed to the pre-class period violations under investigation. This theory, however, was definitively foreclosed by, *inter alia*, *City of Pontiac Policemen's & Firemen's Retirement System v. UBS AG*, 752 F.3d 173, 179, 184 (2d Cir. 2014), which held: (1) that UBS had fully complied with its obligations by disclosing that it was under investigation by the DOJ on charges that later led to a $780 million settlement; and (2) that UBS had no obligation to also confess that it had, in fact, engaged in the tax scheme under investigation. To be sure, to avoid *UBS*, Plaintiff alleges that the FCPA violations led to inaccurate class-period financial disclosures, but these allegations collapse when examined.

The Amended Complaint fails to state a claim under Section 10(b) of the Securities Exchange Act and fails to meet the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 and Fed. R. Civ. P. 9(b) for at least the following reasons:

1. Plaintiff fails to allege any materially misleading statements. Most of the challenged statements concern Embraer's business practices, internal controls and legal compliance and are too generalized to be actionable. *See, e.g.*, *UBS*, 752 F.3d at 183. Further, the financial fraud allegations are specious. Plaintiff alleges that Embraer improperly recorded pre-class period bribes as "selling expenses" and that it should have recorded reserves at the time of the alleged bribes to cover the allegedly inevitable fines and profit disgorgement. But Plaintiff does not allege why Embraer's accounting was improper or how it led to any material, class-period misrepresentations. Indeed, despite intense scrutiny by the SEC and DOJ, and yearly outside audits, Embraer has never been required to restate its financial statements for errors of the type Plaintiff alleges. The accounting allegations merely repackage the claim that Embraer should have admitted the FCPA violations. But, by disclosing the government investigations and the serious potential consequences, Embraer met its disclosure obligations. *See id.* at 184.

2. The Amended Complaint does not plead, with particularity, a "strong inference" of scienter, *i.e.*, one that is "cogent and at least as compelling as any opposing inference one could draw." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). While the

Hon. Richard M. Berman
January 18, 2017
Page 3

Amended Complaint is larded with allegations regarding Embraer executives' supposed knowledge of the pre-class period FCPA violations, Plaintiff alleges nothing to support a cogent inference that *during the class period* — while Embraer was under investigation by, and cooperating with, the SEC and DOJ and undertaking its own internal investigation — it was nonetheless committing a separate accounting fraud that inevitably would have been detected in the investigations. *See, e.g., Slayton v. Am. Express Co.*, 604 F.3d 758, 777 (2d Cir. 2010) (internal investigation undercut inference of scienter).

      3.     Plaintiff fails to allege loss causation. The supposed corrective disclosures cited concern matters unrelated to the purported fraud, such as a voluntary employee dismissal program, or concern speculation regarding a potential fine or the subsequent announcement of the SEC/DOJ settlement. Because the investigation and the possibility of a settlement had been previously reported, these disclosures did not reveal any new, previously concealed information. *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005). Indeed, Plaintiff does not cite any corrective disclosure regarding the contrived accounting violations alleged.

      4.     The claims are barred by the two-year discovery limitations period of 28 U.S.C. § 1658(b)(1). Plaintiff discovered or could have discovered the purported fraud before the class period, when Embraer disclosed the SEC and DOJ investigations, or through other public disclosures made before August 2014. Because this action was not commenced until August 2016, it is time barred.

      5.     Plaintiff's attempt to allege claims relating to non-US securities transactions is foreclosed by *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

                                                             Respectfully submitted,

                                                          Jay B. Kasner

cc:     All counsel of record (via ECF)