USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/4/17



**Jeremy A. Lieberman**
Managing Partner

January 24, 2017

**VIA CM/ECF**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17B
New York, NY 10007-1312

MEMO ENDORSED

**Re: *Kukkadapu, et al., v. Embraer S.A., et al.*, 16-cv-6277 (RMB) ("Action")**

Dear Judge Berman:

We represent Lead Plaintiff Employees' Retirement System of the City of Providence ("Plaintiff") in the Action and write to respond to the Court's endorsed order on January 20, 2017 (ECF No. 58), directing Plaintiff's counsel to apprise the Court of the status of service upon the Defendants named in the Amended Complaint (ECF No. 35). Due to the tortuous and time-consuming process of serving three of the individual Defendants in Brazil - Luiz Carlos Siqueira Aguiar, Terena Penteado Rodrigues, and Flavio Rimoli, which could take more than one year, Plaintiff respectfully requests that the Action proceed unabated against the other Defendants, who have either accepted service or indicated an intent to do so shortly. Holding this Action in abeyance pending service of the three remaining Defendants would create undue delay and prejudice to Plaintiff and all absent class members.

Defendant Embraer S.A. ("Embraer") has accepted service and appeared in the Action. Lead Plaintiff is in the midst of discussing the acceptance of service with counsel for Defendants Frederico Pinheiro Fleury Curado (Embraer's former chief executive officer and president) and José Antonio de Almeida Filippo (Embraer's former chief financial officer ("CFO")). It is likely that they will accept service soon. Lead Plaintiff intends to voluntarily dismiss claims against Defendant Paulo Penido Pinto Marques (Embraer's former CFO), as he has recently passed away.

Therefore, service upon Mr. Aguiar (a former member of the Embraer Board of Executive Officers ("Executive Board")), Ms. Rodrigues (an Embraer Executive Board member and general counsel), and Mr. Rimoli (a former Embraer Executive Board member and general counsel) remains outstanding. These three Defendants live in Brazil.

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016 tel: 212.661 1100 www.pomerantzlaw.com



The U.S. and Brazil are both signatories to the Inter-American Convention on Letters Rogatory ("I-A Convention"), which provides a mechanism for international service of process through letters rogatory in civil and commercial matters.[1] Service under the I-A Convention is a multi-stepped and complicated process. First, letters rogatory must be obtained in the U.S. and then transmitted to the "Central Authority" charged with effecting service in the member state.[2] The U.S. Central Authority is the Department of Justice ("DOJ"), and the Brazilian Central Authority is the Ministry of Justice. Once letters rogatory are received, they must comply with certain requirements before the Central Authority will proceed. For example, they must indicate time limits for responding and include a translated and authenticated copy of the complaint and any supporting documents.[3] The Central Authority retains jurisdiction to determine whether the letters rogatory are defective in any way and to resolve any issues arising from execution of service.[4]

In Brazil, the process of executing letters rogatory has been described as "a lesson in perseverance."[5] Three different authorities are involved: the Brazilian Ministry of Justice, the Superior Court of Justice ("STJ"), and/or a Brazilian Federal District Court. Documents are frequently shuttled from one agency to another as part of Brazil's legalization and procedural requirements. There is no time limit for effecting service; thus, completion of service takes a minimum of six months to one year.[6]

Moreover, based on our previous experience with serving Brazilian defendants, if a defendant objects to service in a Brazilian court based on formality requirements, service of process may be delayed for ***as long as three years***. Reflecting the legal and procedural hurdles involved in effecting service, the U.S. Department of Justice previously reported that between 2003 and 2010, ***of the 100 requests*** for service transmitted under the I-A Convention, ***only two*** requests from the U.S. were successfully executed in Brazil.[7] Indeed, in the case of *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (JSR) (S.D.N.Y.), where Pomerantz is lead counsel, it took a ***minimum*** of ten months to serve certain individual defendants, while service on other individual defendants

---

[1] *See* I-A Convention, 14 I.L.M. 339 (1975) (reprinted following 28 U.S.C. § 1781), and the Additional Protocol can be found at 18 I.L.M. 1238 (1979) (reprinted following 28 U.S.C. § 1781).

[2] *See* I-A Convention Art. 4.

[3] *Id.* at Art. 8.

[4] *Id.* at Art. 10-11.

[5] *See* Legal Language Services, Service of Process in Brazil, *available at* https://www.legallanguage.com/services/service-of-process/brazil/.

[6] *See* http://travel.state.gov/content/travel/english/legalconsiderations/judicial/service-of process/iasc-and-additional-protocol.html ("As a general rule it may take from 6 months to a year for a request to be executed.").

[7] *See Liberty Media Holding, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, *3 (D. Ariz. Mar. 3, 2011), *citing* U.S. Department of State, Brazil Judicial Assistance, *previously available at* http://travel.state.gov/law/judicial/judicial_672.html.




in Brazil has still not been effected almost two years after the complaint was filed and the summonses were issued.

We are diligently working to effectuate service as soon as practicable on Defendants Aguiar, Rimoli, and Rodrigues, who were all added as Defendants in the Amended Complaint. To expedite the process and help assure its effectiveness, we retained (i) local Brazilian counsel, CTM Advogados Associados, to help oversee satisfaction of the I-A Convention requirements and (ii) Legal Language Services to help effectuate service. We have prepared the documents for service under the I-A Convention, and these documents are now being translated, including, without limitation, the Amended Complaint, into Portuguese and prepared for legal authentication, certification, and stamping, which should be completed within a few weeks. Concurrently, our local counsel has been investigating the best available addresses for the three remaining Defendants. The documents will be submitted (i) for signature by the clerk of the United States District Court for the Southern District of New York and (ii) to a private contractor, Process Forwarding International, which carries out the service functions of the U.S. Central Authority (the DOJ).

The subsequent steps listed below will be taken for service in Brazil on each Defendant concurrently, which will likely take more than a year to accomplish:

1. The I-A Convention requests will be forwarded to the STJ, which sends a notice by registered post and the relevant documents to each Defendant.

2. Once postal confirmation is returned to the STJ, a Defendant has 15 days to file a challenge to service.

3. If a Defendant does not challenge service, the STJ notifies the Brazilian Solicitor General to render an opinion within 10 days as to whether the I-A Convention request should be executed.

4. After these 10 days, the STJ will decide whether the I-A Convention request is acceptable and if so, will grant exequatur—a grant of approval and authority to proceed with an I-A Convention request.

5. Once exequatur is granted, the STJ sends the I-A Convention request file to the Brazilian Federal Court with jurisdiction over the Defendant.

6. The Brazilian Federal Court's bailiff then attempts to effectuate personal service on the Defendant. This step can take approximately 8 weeks or longer.

7. If personal service proves infeasible, the Brazilian Federal Court will resort to an alternative service form, including, without limitation, publication.



8. After personal service or alternative service is effectuated, the Defendant has 10 days to challenge service.

9. If no challenge is made within 10 days, the Brazilian Federal Court will return the I-A Convention request file to the STJ.

10. The STJ then returns the executed I-A Convention request file to the Brazilian Central Authority (Ministry of Justice) for return to the U.S.

The intermittent deadlines listed in the steps above are the times within which the Defendant must challenge or respond to the subject action; they are not exact deadlines within which the court must act. Further, each request for service will be routed to the Brazilian court having jurisdiction over the defendant; therefore multiple courts may be involved and timelines may vary.

Proceeding with the claims against Embraer and Defendants Curado and Filippo without protracting, perhaps indefinitely, this litigation is particularly warranted. Embraer has already agreed to pay over $200 million (16% of its net income throughout the class period) to U.S. and Brazilian regulators for violating the U.S. Foreign Corrupt Practices Act of 1977 and other laws. Embraer is still the subject of numerous criminal and civil investigations and potential penalties in the U.S., Brazil, India, and several countries across the globe, as a result of the conduct alleged in this Action. Accordingly, there is a tangible risk in this Action that the innocent plaintiffs defrauded by Defendants' misconduct will have their opportunity for redress indefinitely delayed due to the intractable bureaucratic processes involved in effectuating service in Brazil.

To the extent that the Court wishes to hold the case in abeyance until Defendants Aguiar, Rimoli, and Rodrigues are served, Lead Plaintiff requests that the Court order service pursuant to Fed. R. Civ. P. 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." "A plaintiff is *not* required to attempt service through other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *SE.C v. Anticevic,* No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13,2009) (emphasis in original).

Pursuant to the dictates of Rule 4(f)(3), Lead Plaintiff proposes to effectuate service upon Defendants Aguiar, Rimoli, and Rodrigues by sending a copy of the summons and complaint to Embraer's counsel, or alternatively by personal service at Defendants Aguiar, Rimoli, and Rodrigues' last known addresses or by registered and/or overnight mail at those addresses.

For the foregoing reasons, Lead Plaintiff respectfully requests that the Action proceed unabated against Defendants Embraer, Curado, and Filippo, and that the Court enter a briefing schedule for these Defendants' motions to dismiss the Amended Complaint.



Respectfully submitted,

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

cc: All counsel of record via ECF

Application denied without prejudice. Pl should first submit affidavits, etc. in support of its "due diligence" efforts to effect personal service + to verify the address(es) where service is proposed (mail).

SO ORDERED:
Date: 2/4/17

Richard M. Berman
Richard M. Berman, U.S.D.J.