

Jeremy A. Lieberman
Managing Partner

August 9, 2017

**VIA ECF**
Hon. Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 17B
New York, NY 10007-1312

      Re:    *Manidhar Kukkadapu v. Embraer S.A., et al.*,
            1:16-cv-06277 (RMB)

Dear Judge Berman:

Lead Plaintiff hereby responds to Defendants' letter, filed today, asking this Court to take the extraordinary step of striking Plaintiff's ***entire*** Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss the Amended Complaint, filed on August 7, 2017 (Doc. No. 86) ("Brief") due to a perceived spacing issue ("Letter"). Defendants contend that the Brief is ten pages over the 30 page limit set forth in the June 23, 2017 Order (Doc. No. 80), arguing that it is not properly double spaced, contains single spaced bullets in the Statement of Facts,.8 margins, and a signature block on the 31st page. Simply put, Defendants are wrong.

Glaringly absent from Defendants' Letter is any substantiation that the Brief does not comply with the Local Rule 11.1(b) and Individual Rule 2.C requirement that text must be "double spaced." Double spacing means that there must be a full space between lines equal to the text's font size. *See, e.g.,* https://www.quora.com/What-does-double-spacing-mean. As Local Rule 11.1(b) requires, the Brief is in 12 point font, including the footnotes per Individual Rule 2.C. To double space the brief, Plaintiff ensured that a full 12 point space appeared between each line, except for block quotes and footnotes.[1] There is nothing in either the Local

---

[1] *See also* MATTHEW BUTTERICK, TYPOGRAPHY FOR LAWYERS (2d ed. 2015), available at http://typographyforlawyers.com/line-spacing.html ("Most courts adopted their line-

Hon. Richard M. Berman
August 9, 3017
Page 2

Rules or the Individual Rules of Practice that defines "double spaced" in a different manner than that Lead Plaintiff employed. The Brief is thus in literal compliance with Local Rule 11.1(b) and Individual Rule 2.C.[2] Defendants provide neither citation nor evidence to the contrary, only bluster. Indeed, instead of meeting and conferring with Lead Counsel to professionally address this ministerial matter, Defendants opted to "go nuclear" and apply for the striking of the entire Brief, an unnecessary and extreme measure. Nonetheless, to address Defendants' concerns, Lead Plaintiff submits as Exhibit A hereto a Proposed Corrected Brief which should moot the issues raised in the Letter. In the event the Court accepts the filing of this Proposed Corrected Brief, Lead Plaintiff would stipulate to allowing Defendants until August 24, 2017, three extra business days, to file their reply briefs. Defendants can claim no prejudice if such relief were granted.

Defendants further complain that Lead Plaintiff utilized single spacing on two pages in the Statement of Facts. Letter at 2. However, as Defendants concede, the Local Rules allow single spacing for block quotes. The bullets in the Statement of Facts are virtually direct quotes from Lead Plaintiff's Amended Class Action Complaint (Doc. No. 35)("Complaint"). Nevertheless, to address Defendants' concern Lead Plaintiff has moved this text to a footnote in the Proposed Corrected Brief. Defendants also speculate that the Brief has .8 margins. This claim is false. Lead Plaintiff checked the Brief after receiving the Letter, and it appears that parts do

---

spacing standards in the typewriter era. That's why court rules usually call for double-spaced lines. On a typewriter, each line is the height of the font, thus double spacing means twice the font size. So if you're required to use a 12-point font, double line spacing means 24 points.").

[2] Courts have recognized that 28 lines per page is indeed double spaced. *See, e.g., Coöperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Merrill Lynch & Co., Inc.*, Index No. 601832/2009 (N.Y. Sup. Ct.), NYSCEF No. 29 (finding plaintiff's line spacing set at 24-point to be "doublespaced" and in compliance with Rule 6 of the Uniform Civil Rules for the Supreme Court and the County Court § 202.70(g)); *see also Knight v. Evans*, 2008 WL 5225863, at *9 (N.D. Cal. Dec. 12, 2008) (double spacing described as "no more than" 28 lines per page); *Strong v. Woodford*, 428 F. Supp. 2d 1082, 1087 (C.D. Cal. 2006) (same).

Hon. Richard M. Berman
August 9, 3017
Page 3

inadvertently contain .9 margins. In the interest of fairness and to ensure compliance with the Rules, the Proposed Corrected Brief contains 1 inch margins throughout. Adjusting the margins to 1 inch added two pages of length. Lead Plaintiff has edited the Proposed Corrected Brief accordingly to comply with the 30-page limitation. As the Court will note, neither the substance nor number of arguments contained in Exhibit A differ from the Brief filed on August 7. Indeed, Lead Plaintiff prepared the Proposed Corrected Brief within hours of receiving the Letter.

Lastly, Defendants have provided no substantiation for their frivolous claim that signature blocks count toward page length limitations. Defendants' argument is all the more curious given that defense counsel, Mr. Kasner, has personally filed briefs in this jurisdiction where his signature block appeared one page past the imposed limit. *See* Exhibit B attached hereto (Mr. Kasner's signature block appears on page 26 of a brief with a 25 page limitation). Indeed, it universally understood that when page limitations are imposed, they generally omit the title page, tables of contents and authorities, *and the signature block.*

The Complaint contains compelling allegations of securities fraud against Embraer and the Individual Defendants. Understandably, Defendants wish to deflect from these well pleaded allegations by raising perceived technical deficiencies in Lead Plaintiff's Brief. A simple phone call or e-mail from counsel would have easily resolved this issue, but Defendants opted to forgo this professional courtesy. Nevertheless, in an effort to bring the focus of this case back to the merits and avoid further distraction, Lead Plaintiff proposes that the Brief filed on August 7, 2017 be supplanted with the Proposed Corrected Brief filed herewith as Exhibit A, and that Defendants have an additional 3 business days, *i.e.*, until August 24, 2017 to file their reply brief.

Respectfully submitted,
*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

cc: All Counsel of Record (via ECF)